# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } } } | |
| **Plaintiff,** | } } | **Case No. 1:17-CV-01621-CLM** |
| **v.** | } } | |
| **GLOCK MODEL 17 9mm PISTOL, SERIAL NO. TTA620, et al.,** | } } } } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

The United States of America (the "Government") seeks summary judgment against 14 Defendant Firearms that belong to Claimant Gerald Talley ("Talley"). Doc. 56. There is no genuine, material dispute that Talley knowingly possessed the Defendant Firearms, that the Defendant Firearms were involved in interstate commerce, or that Talley was an unlawful user of a controlled substance at the time he possessed the firearms. Accordingly, the Government is entitled to summary judgment and the Defendant Firearms are subject to civil forfeiture**.**

# BACKGROUND[1]

This is a civil forfeiture action brought by the Government against 14 firearms possessed by Gerald Talley.  On March 19, 2017, Talley was driving from Atlanta, GA to Birmingham, AL.  Along the way, a Heflin, AL police officer stopped Talley for following another motorist too closely. Talley told the officer that there were no guns in his vehicle.  At that time, the officer asked Talley to exit his vehicle and told Talley that he smelled marijuana.  Talley stated that he had not smoked marijuana that morning and that there was no marijuana in his vehicle.

The officer then searched Talley's vehicle.  During his search, the officer found a container labeled "G. Talley, 1.55 g," which contained between a half-gram and gram of marijuana. The officer also found 14 firearms in the trunk of the vehicle, contained in black plastic garbage bags and in a backpack. Talley was read his *Miranda* warnings and acknowledged that he understood his *Miranda* rights.  The officer took custody of the 14 firearms and arrested Talley for possessing the marijuana.  On February 2, 2018, Talley pleaded guilty to second-degree possession of marijuana in the Circuit Court of Cleburne County.

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record.  These statements are deemed "facts" for summary judgment purposes only. *See Cox v. Adm'r Steel and Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

The Government seeks to forfeit the 14 Defendant Firearms pursuant to 18 U.S.C. § 924(d), which authorizes the forfeiture of property used in a knowing violation of 18 U.S.C. § 922(g).  Relevant here, Section 922(g)(3) states that "[i]t shall be unlawful for any person … who is an unlawful user of or addicted to any controlled substance … to ship or transport in interstate of foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

## **STANDARD**

This Court evaluates the Government's Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A party can demonstrate that a fact is not under genuine dispute by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute."  Fed. R. Civ. Pro. 56(c)(1)(A)-(B).  A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)).

Rule 56 also provides that "[t]he court need consider only the cited materials, but it may also consider other materials in the record." Fed. R. Civ. Pro. 56(c)(3). The trial judge should not weigh the evidence but determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (per curiam) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004)). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The Civil Asset Forfeiture Reform Act ("CAFRA", 18 U.S.C. §§ 981-987) provides that in civil forfeiture summary judgment cases, the government must "establish, by a preponderance of the evidence[] that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). The government must also show "a substantial connection" between the firearms and Talley's criminal offense of possessing them while an illegal drug user. 18 U.S.C. § 983(c)(3).

## ANALYSIS

Title 18, Section 922(g)(3) makes it illegal for an "unlawful user or [anyone who is] addicted to any controlled substance" to "transport in interstate or foreign commerce, or possess in or affecting commerce any firearm or ammunition." For the purposes of this statute, controlled substances include marijuana. *See* 21 U.S.C. § 802(6); 21 U.S.C. 812(c). Accordingly, to seize Talley's firearms, the Government must prove three things: (1) that Talley was an unlawful user of a controlled substance (the "unlawful user element"); (2) that Talley knowingly possessed firearms while he was an unlawful user (the "knowing possession element"); and (3) the possession of the firearms was in or affecting interstate of foreign commerce (the "interstate commerce element").

Talley concedes that the Government would prove the "knowing possession" and "interstate commerce" elements at trial. (Doc. 60 at 3-4). The Court agrees; a review of the undisputed evidence demonstrates that there is no genuine issue of

material fact that Talley knew that he possessed the 14 Defendant Firearms (*i.e.* the knowing possession element) when he drove them between Georgia and Alabama (*i.e.* the interstate commerce element). *See, e.g.* Docs. 56-2 at 204 (Talley's response to the Government's request for admission: "The claimant, Gerald Talley, admits he knowingly possessed Defendant Firearms at time of arrest in Cleburne Co., Alabama, on March 19 2017"); 60 at 3 (Talley's statement in response to the present motion that he "does not dispute that he traveled from Alabama to Georgia, then back to Alabama with the Defendant Firearms").

Accordingly, this case boils down to the "unlawful user" element. Specifically, Talley argues that, even though he *possessed* marijuana at the time he possessed the 14 firearms, he was not an "*unlawful user*" of that marijuana. 18 U.S.C. § 922(g)(3). But, as explained below, there is no genuine issue of material fact that Talley "unlawfully used" marijuana, as that term is defined by case law.

1. "Unlawful user" defined: Section 922(g)(3) does not define the term "unlawful user," so this court looks to the Eleventh Circuit's interpretation of the term. In *United States v. Edmonds,* 348 F.3d 950, 953–54 (11th Cir. 2003), the Eleventh Circuit defined an "unlawful user" for purposes of sentencing as one whose use was "regular, ongoing, and contemporaneous with his firearm possession.[2]" *Id.*

---

[2] The Eleventh Circuit was defining the term "prohibited person" in Section 2K2.1(a) of the Sentencing Guidelines, a section that takes its definition by reference to Section 922(g)—*i.e.* the provision at issue here. *See Edmonds*, 348 F.3d at 953.

The Court made it clear that, to be considered "contemporaneous," the drug use merely needed to be "during the same time period as the firearm possession," *id.* at 953; the Government did not need to also show that the gun possession and drug use were "simultaneous" or that that Defendant was "under the influence of an illegal drug at the exact time he possessed a firearm." *Id.* (quoting *United States v. Bennett*, 329 F.3d 769, 778 (10th Cir. 2003).

*Edmonds* appears to be the last published opinion to define "unlawful user" in the context of Section 922(g)(3), and the circuit court has yet to issue a pattern jury instruction for Section 922(g)(3). Accordingly, this Court applies the *Edmonds'* interpretation of "unlawful user" to the Government's undisputed evidence.

2. <u>The Government's Undisputed Evidence</u>: While many pieces of the Government's evidence would prove that Talley used marijuana during the same time period that he possessed the 14 Defendant Firearms, the Government needs just one: Talley's conviction for second-degree possession of marijuana. (Doc. 56-4)

The Government simultaneously arrested Talley for possession of marijuana and seized the 14 Defendant Firearms. Regarding the marijuana, Talley pleaded guilty to second-degree possession, which Alabama law defines thusly: "A person commits the crime of unlawful possession of marijuana in the second degree if, except as otherwise authorized, he possesses marihuana [sic] ***for his personal use only***." Ala. Code § 13A-12-214 (emphasis added).

Based on the plain language of the statute, when Talley pleaded guilty, Talley necessarily admitted that he unlawfully possessed marijuana "for his personal use" at the same time he possessed the Defendant Firearms. *Id.* If a reasonable jury was provided this information, that reasonable jury would conclude that Talley was an "unlawful user" of marijuana when he possessed the Defendant Firearms.

Although evidence of Talley's conviction alone is sufficient for a reasonable jury to conclude that Talley was an "unlawful user" of marijuana, the Government also argues that there is a multitude of additional evidence that supports the finding that Talley's marijuana use was regular, ongoing, and contemporaneous with his possession of the Defendant Firearms. For example:

1. Talley repeatedly admitted to marijuana use, including at the time of his arrest, during his deposition, and in his interrogatory responses;

2. Talley was in possession of marijuana at the time of his March 2017 arrest in Heflin, Alabama;

3. Talley was in possession of marijuana at the time of a 2015 arrest in Auburn, Alabama;

4. Talley was in possession of marijuana and paraphernalia at the time of an April 2018 arrest in Philadelphia, Pennsylvania;

5. Talley lied about his possession of marijuana when he was first stopped in March 2017, which the Government argues demonstrates that Talley was attempting to conceal that he was an unlawful user;

6. Talley invoked the Fifth Amendment during his deposition, which the Government argues permits this Court to draw an adverse inference against Talley; and,

7. Talley was generally involved with the marijuana industry, including Talley's employment as a marijuana consultant and his extensive history of cannabis-related internet searches.

*See* Doc. 57 at 22–29.

In his responsive brief, Talley disputes only three facts from the Government's entire statement of facts—and only one is even tangentially related to the above list of evidence that the Government provides to establish that Talley is an unlawful user. Specifically, in response to Number 7 above, Talley contends that his laptop was used to perform many internet searches, not just cannabis-related internet searches (doc. 60 at 4). However, Talley did not dispute that he had an extensive search history of cannabis-related internet searches, nor did he dispute any of the other circumstantial evidence that the Government provided to establish that Talley was an unlawful user of a controlled substance.

Accordingly, the Court finds that Talley has not raised a genuine issue of material fact regarding the seven facts listed above that further support a finding that Talley was an "unlawful user" of marijuana during the same time period that he possessed the 14 Defendant firearms. The Court finds that this collection of facts provides sufficient evidence to grant summary judgment in favor of the Government, separate and apart from Talley's previously-discussed conviction.

3. Talley's Alleged Prescription:  Talley does not dispute the facts that establish he used marijuana during the same time period  he possessed the Defendant firearms. *See* Doc. 60.  Instead, Talley argues that he was not an "unlawful" user because someone in California gave him "prescriptions for marijuana." *See id.* at 2-3, citing 28 C.F.R. § 478.11  (defining an "unlawful user of or addicted to any controlled substance," in part, as "any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician").  But Talley's prescription-based defense fails for two reasons.

First, Talley has not produced any evidence (a) that he possessed a valid prescription at the time of the traffic stop; (b) that prescription was issued by a "licensed physician," *id.*; and/or, (c) that Talley was acting consistently with the physician's order. *Id.*  To create a genuine issue of material fact that defeats a motion for summary judgment, "the nonmoving party [must] produce[] evidence such that a reasonable factfinder could return a verdict in its favor." *Waddell v. Valley Forge Dental Assoc., Inc.* 276 F.3d 1275, 1279 (11th Cir. 2001). Because Talley has produced no evidence to support his prescription defense, the Court cannot find that Talley has created a genuine issue of material fact that defeats summary judgment.

Second, let's assume that Talley had a valid prescription from a California physician when he was stopped in Alabama.  A prescription for marijuana use in California does not preempt *federal* law, which defines marijuana as a controlled

substance which cannot be legally prescribed for medical use and is illegal to possess in the State of Alabama. *See U.S. v. Oakland Cannabis Buyers Coop.,* 532 U.S. 483, 491 (2001) ("Whereas some other drugs can be dispensed and prescribed for medical use, *see* 21 U.S.C. § 829, the same is not true for marijuana.")  Again, Talley admitted that he was an "unlawful user" of marijuana when he pleaded guilty to second-degree possession of marijuana. Talley cannot avoid the ramifications of this fact by citing to a California proposition that allows medical prescriptions.

In short, Talley has failed to dispute the Government's assertion of facts that would sufficiently prove each element of 18 U.S.C. § 922(g)(3), and he has failed to support his assertion of facts that would support a prescription-based defense. Accordingly, summary judgment is appropriate under Rule 56(e)(3).

## CONCLUSION

For the reasons explained above, the Government's motion for summary judgment (doc. 56) is due to be GRANTED. Accordingly, the 14 Defendant Firearms and Claimant Gerald Talley's interest in the Defendant Firearms are due to be forfeited to the United State of America pursuant to CAFRA, by reason of a knowing violation of 18 U.S.C. § 922(g)(3).  The Court will enter an order consistent with this opinion forthwith.

**DONE** this 13th day of November, 2019.



COREY L. MAZE
UNITED STATES DISTRICT JUDGE